IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VLADIMIR GARCIA SOZA,<br>        Petitioner,<br>vs.<br>CHARLES L. RYAN, et al.,<br>        Respondents. | No. CIV 12-596-TUC-CKJ (JM)<br><br>**ORDER** |

On June 17, 2014, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation (Doc. 24) in which she recommended that the Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Vladimir Garcia Soza ("Soza") be denied. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b).

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any

1   review at all . . . of any issue that is not the subject of an objection." *Id.* at 149.

2   The magistrate judge addressed Soza's claim that he was denied his Fifth Amendment
3   rights to due process and a fair trial based on the trial court's ruling admitting the "snitch
4   poem" into evidence on the merits. The magistrate judge determined there was no clearly
5   established federal law that the admission of the evidence would constitute a due process
6   violation sufficient to warrant the issuance of a writ of habeas corpus.

7   The magistrate judge determined that Soza had not exhausted his claim that he was
8   denied his Fifth Amendment rights to due process and against self-incrimination when the
9   trial court denied his motion for a mistrial based on a detective's testimony mentioning an
10  interview of Soza where Soza had exercised his right to remain silent. The magistrate judge
11  also concluded that Soza had not fairly presented the claim as a federal claim in state court.
12  Alternatively, the magistrate judge concluded the detective's testimony did not inform the
13  jury about the circumstances of the interview or that Soza terminated the interview upon
14  invoking his right to remain silent and that, under these circumstances, the state court's ruling
15  was not contrary to, or an unreasonable application of Supreme Court precedent.

*Soza's Objections as to Claim 1 – Denial of Due Process and a Fair Trial Based on Admission of the Snitch Poem*

Although Soza acknowledges that there is no specific holding of the U.S. Supreme Court that "admission of overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ" (R&R, p. 8, ll. 1-3), Soza asserts there exists a clear proscription against the admission of prejudicial evidence that violates fundamental concepts of justice. Further, Soza points out that there is no requirement that the "clearly established Federal law, as determined by the Supreme Court of the United States" requirement in 28 U.S.C. § 2254(d)(1), be specific.

Although the statute does not require that the federal law must be specific, the federal law must be clearly established. In arguing that the admission of the propensity evidence of

- 2 -

1 the snitch letter is an extreme violation warranting relief, Soza cites to the Ninth Circuit:

2 > [I]t seems clear that the general ban on propensity evidence has the requisit historical pedigree to qualify for constitutional status[.]

*United States v. LeMay*, 260 F.3d 1018, 1025 (9th Cir. 2001), *citations omitted*. However, in making the statement, the Ninth Circuit stated it *seemed* clear. In other words, the Ninth Circuit did not determine that it was clearly established. *See Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the issue the habeas petition raised in the state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."). The Court agrees with the magistrate judge that there is no clearly established federal law that the admission of the snitch poem would constitute a due process violation sufficient to warrant the issuance of a writ of habeas corpus.

*Soza's Objections as to Claim 2 – Denial of Due Process and Right Against Self-Incrimination by Denial of Mistrial*

Soza disputes the magistrate judge's conclusion that Soza had not exhausted his claim that he was denied his Fifth Amendment rights to due process and against self-incrimination when the trial court denied his motion for a mistrial based on a detective's testimony mentioning an interview of Soza where Soza had exercised his right to remain silent. Soza points out that the Opening Brief cited a state case that cited to *Doyle v. Ohio*, 426 U.S. 610, 617 (1976), the Opening Brief cited to the U.S. Constitution, and the state appellate decision reference the Due Process Clause in issuing its decision. The Court agrees with the magistrate judge's conclusion that Soza is not entitled to relief. However, the Court will not adopt the magistrate judge's conclusions as to whether Soza has adequately exhausted this claim.

Although Respondents argued in their Answer that Soza had made a merely passing reference to a federal constitutional principle (Answer, p. 9, ll. 9-11), Soza's Opening Brief before the Court of Appeals of Arizona cited to a state case, *State v. Gilfillan*, 196 Ariz. 396,

1 998 P.2d 1069 (App. 2000), in arguing that a defendant's due process rights were violated 2 by admission of a statement invoking the right to silence – *Gilfillan* cited to *Doyle v. Ohio*, 3 426 U.S. 610 (1976) in support of that proposition. (Doc. 4, pp. 26-27 of 84)  Moreover, the 4 Opening Brief argued that it was a violation of Soza's right against self-incrimination under 5 the Fifth Amendment to the United States Constitution.  (*Id*. at 27 of 84)

6 The magistrate judge discussed that Soza had framed the issue as that of whether a 7 mistrial should have been granted.  However, Soza argued a mistrial was appropriate because 8 his right against self-incrimination had been violated.  Indeed, although the state appellate 9 court relied on state law in denying relief, it referenced the Due Process Clause and 10 recognized that the basis for Soza's argument was his claim that his right to remain silent had 11 been commented upon.  (*Id*. At 57-58 of 84)  The Court finds Soza fairly presented his 12 federal claim to the state courts.  The Court will address the merits of Soza's second claim.

13 Soza asserts that the detective's testimony called attention to an interview and the jury 14 could infer that Soza invoked his right to remain silent because no police interview statement 15 was admitted at trial. In discussing this issue in the context of whether a mistrial should have 16 been granted, the Court of Appeals of Arizona stated:

**Motion for Mistrial**

\* \* \* \* \*

¶ 9 At trial, the prosecutor asked a detective whether photographs of Soza's tattoos had been taken contemporaneously with his arrest.  The detective responded the photographs "were taken, I believe, shortly after the interview."  Soza thereafter unsuccessfully moved for a mistrial, arguing the reference to an "interview" was an indirect comment on his right to remain silent.

¶ 10 Generally, "a defendant's [right to] due process is violated when a witness introduces a statement at trial that the defendant asserted his right to remain silent." *State v. Gilfillan*, 196 Ariz. 396, ¶ 36, 998 P.2d 1069, 1079 (App.2000).  However, "testimony that falls short of disclosing a defendant's invocation of the right to remain silent does not run afoul of the Due Process Clause." *State v. Siddle*, 202 Ariz. 512, ¶ 5, 47 P.3d 1150, 1153 (App.2002).  Here, the detective made a brief off-hand reference to an interview with Soza and did not say that Soza had invoked his right to remain silent or otherwise suggest that Soza had refused to speak with him. Because his statement did not constitute a comment on Soza's right to remain silent, the trial court did not abuse its discretion in denying Soza's motion for a mistrial. *See id*. (no error when officer "did not state or imply that [defendant] had invoked his

right to remain silent").

> ¶ 11 Moreover, even assuming the statement could be construed as an inferential reference to Soza's right to remain silent, we nevertheless would conclude the trial court did not abuse its discretion. "A comment does not constitute reversible error unless the prosecution draws the jury's attention to the defendant's exercise of the right to remain silent and uses it to infer guilt." *State v. Guerrero*, 173 Ariz. 169, 172, 840 P.2d 1034, 1037 (App .1992). Because the detective's comment was made only in passing, the prosecutor did not expressly ask about Soza's interview, and the prosecutor did not make any reference to it, any error resulting from the comment was not reversible error. *See id*.; *see also Gilfillan*, 196 Ariz. 396, ¶ 38, 998 P.2d at 1079 (no reversible error when "testimony consisted of no more than a brief reference to the defendant's request for counsel" and there was "no suggestion that it was elicited as the result of willful conduct by the prosecutor").

(Doc. 4, pp. 57-58 of 84)

Although Soza asserts the pervasive knowledge of *Miranda* rights among the public would necessarily cause a juror to wonder what Soza said during an interview and, when nothing is mentioned then conclude Soza must have exercised his right to remain silent, this assertion is speculative in light of the brief mention of the interview. Further, no attention was called to the purported reference to Soza's invocation of his right to remain silent and no further questions or argument with respect to Soza's silence occurred. In *Greer v. Miller*, 483 U.S. 756 (1987), the Supreme Court recognized that while a single comment or question may constitute a *Doyle* violation, where a comment or question is only made in passing and without specific inquiry or argument, there is no due process violation. *See e.g. United States v. Baker*, 432 F.3d 1189, 1222 (11th Cir. 2005) (*abrogated on other grounds*); *Greer* 483 U.S. at 765 ("we hold that the sequence of events at the trial, beginning with the single comment-but including particularly the proper and immediate action by the trial court, and the failure by defense counsel to request more specific instructions-indicates that Miller's postarrest silence was not used against him within the meaning of *Doyle*"). Indeed, the Ninth Circuit has stated that a conviction will not be reversed "'when a prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as the basis for conviction, and is followed by a curative instruction.'" *United States v. Norwood*, 603 F.3d 1063, 1070 (9th Cir. 2010). Here, the comment was a single isolated incident and no further

1 questions or argument with respect to Soza's silence occurred. Although there is no evidence
2 a curative instruction was given, Soza indicates a tactical decision was made to not draw
3 attention to the comment ( "[d]efense counsel did not request the answer be stricken, because
4 it would have drawn more attention to this improper comment by the officer." (Doc. 4, p.
5 26 of 84)).

Given the reasons the Arizona courts stated for determining that Soza's right to remain silent was not improperly commented upon, this Court does not find that the state courts' rulings were objectively unreasonable. See 28 U.S.C. § 2254(d) (habeas relief not available with respect to a claim unless the state courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"); *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002) (habeas court is not to make its own independent judgment, but is to determine whether state court applied federal authority in an objectively unreasonable manner). The Court finds Soza is not entitled to relief on his second claim.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §

2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)   In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Soza's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 24) is ADOPTED IN PART;

2. Soza's Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED;

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;.

4. A Certificate of Appealability shall not issue in this case.

DATED this 4th day of June, 2015.

_____
Cindy K. Jorgenson
United States District Judge